UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BADER FAMILY FOUNDATION,<br>1236 N. Stafford St., Arlington, VA 22201<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF STATE<br>2201 C Street, NW<br>Washington, DC 20520<br><br>　　　　　　　　　　　　　Defendant. | )<br>)<br>)<br>)　Civil Action No. 23-1100<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff alleges as follows, against the Defendant, United States Department of State:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for improper withholding of agency records.

2) Plaintiff seeks to compel production under a FOIA request it submitted on February 16, 2023, seeking specified communications about the Global Disinformation Index.

3) The Global Disinformation Index is a London-based organization funded by the State Department that compiled a blacklist of conservative and non-liberal publications for advertisers to avoid.[1]

---

[1] *See*, e.g., Walter Olson, *The U.S. State Department Funds an Ad-Blacklisting Group. It Shouldn't*, Cato Institute, Feb. 13, 2013 (https://www.cato.org/blog/us-state-department-funds-ad-blacklisting-group-it-shouldnt); Gabe Kaminsky, *Disinformation Inc: Left-wing groups funneled millions to entity blacklisting conservative news*, Washington Examiner, Feb. 15, 2023 (https://www.washingtonexaminer.com/restoring-america/fairness-justice/disinformation-inc-left-wing-gorups-funneled-millions-blacklist-conservative-news); Valerie Richardson, *Soros-backed 'disinformation' group aims to defund conservative news,* Washington Times, Feb. 13, 2023 (https://www.washingtontimes.com/news/2023/feb/13/george-soros-backed-global-disinformation-index-un/).

1

4) Defendant has failed to provide plaintiff with either the records requested in its FOIA request, or the determination in response to plaintiff's FOIA request mandated by 5 U.S.C. § 552(a)(6)(A)(i).

5) FOIA generally requires an agency to provide a determination of the number of responsive records it intends to release or withhold within 20 working days after receiving the request. As the D.C. Circuit explained, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline of 20 working days. (*CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013)).

6) That 20 day deadline expired on March 17, 2023.

7) But by that date, Defendant neither provided a determination about what records will be produced, nor produced any records in response to plaintiff's request.

8) Instead, in a February 23 email, Defendant stated that "This Office will not be able to respond within the 20 days provided by the statute due to 'unusual circumstances.' See 5 U.S.C. § 552(a)(6)(B)(i)-(iii)."

9) This email did not, however, list an "extended" date for compliance with FOIA, or the "date on which a determination is expected to be dispatched," as is mandated by 5 U.S.C. § 552(a)(6)(B)(i) when an agency seeks an extension based on "unusual circumstances."

10) Thus, it did not validly extend the deadline for issuing a determination.

11) Even if citing "unusual circumstances" automatically extended the deadline by "ten working days" despite this failure, ten additional working days from the date of this email elapsed before April 6, 2023.

12) But by that date, Defendant had neither provided a determination about what records will be produced, nor produced any records in response to plaintiff's request.

13) Defendant still has provided no such determination, and still has provided no records in response to plaintiff's request.

14) Due to Defendant's failure to provide any such determination, plaintiff has filed this lawsuit to compel it to comply with the law.

## PARTIES

15) The plaintiff, the Bader Family Foundation (BFF), is a non-profit, 501(c)(3) tax-exempt foundation that focuses on civil-liberties issues. It supports non-profits (including media entities) that study and publish reports about civil-liberties issues, and that use freedom of information laws to shed light on the operations of government. It and one of its trustees have filed court briefs in civil-liberties cases.[2] A BFF trustee, Hans Bader, is a former employee of the Education Department's Office for Civil Rights.[3]

16) Defendant U.S. Department of State is a federal agency headquartered in Washington, DC. It is also a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). Defendant has possession, custody, and control of the records Plaintiff seeks from it.

## JURISDICTION AND VENUE

---

[2] *See, e.g.*, Brief of the Bader Family Foundation and Hans Bader as Amici Curiae in Support of Plaintiff-Appellant and Reversal in *Meriwether v. Hartop*, 992 F.3d 492 (6th Cir. 2001) (No. 20-3289) (filed, June 3, 2020) (amicus brief in support of professor's successful First Amendment appeal), https://tinyurl.com/yc7639w7.

[3] *See* George Will, *'Alice in Wonderland' coercion*, Oklahoman, May 26, 2013, available at https://www.oklahoman.com/article/3833883/george-f-will-alice-in-wonderland-coercion ("Hans Bader" is a "former OCR lawyer").

3

17) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and also 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

18) Venue is proper under 5 U.S.C. § 552(a)(4)(B) and also under 28 U.S.C. § 1391(e)(1), both because FOIA vests venue in this court, 5 U.S.C. § 552(a)(4)(B), and because defendant is located in Washington, D.C.

## FACTUAL AND STATUTORY BACKGROUND

19) On February 16, 2023, plaintiff submitted a FOIA request to Defendant requesting the following records:

   1. All internal and external communications since February 1, 2023 (e-mail, text, instant messaging, calendar items, etc.), mentioning the Global Disinformation Index, that were sent or received by the Department's Office of the Spokesperson (or anyone in it, such as Ned Price), or by the Department's Office of the Legal Adviser (or anyone in it), or by the Global Engagement Center, or by Antony Blinken.

   2. All documents since January 1, 2021 about any financial support—or containing details of that support—given to the GDI, Disinformation Index, Inc., AN Foundation, Disinformation Index Foundation, or Park Advisers.

   3. All internal and external communications since January 1, 2021 (e-mail, text, instant messaging, calendar items, etc.), including attachments (memos, guidance documents, directives, etc.), about financial support for GDI, AN Foundation, Disinformation Index, Inc., Disinformation Index Foundation, or Park Advisers.

   4. All internal and external communications since February 1, 2023 (e-mail, text, instant messaging, calendar items, etc.), with Valerie Richardson, Fred Lucas, Gabe Kaminsky, Robby Soave, the Washington Times, the Washington Examiner, or Reason Magazine, that were sent or received by the Department of State's Office of the Spokesperson (or anyone in it, such as Ned Price), or that were sent or received by the Global Engagement Center.

20) The FOIA request was jointly submitted by plaintiff and the blog *Liberty Unyielding*.

21) Defendant sent an email on February 24, 2023 acknowledging the FOIA request. It contained the subject line, "Ref: F-2023-05201, Freedom of Information Act

Acknowledgement," and stated, "This is an acknowledgment to your February 16, 2023, Freedom of Information Act (FOIA) (5 U.S.C. § 552) request received by the U.S. Department of State, Office of Information Programs and Services on February 22, 2023."

22) Defendant assigned plaintiff's FOIA request tracking number F-2023-05201.

23) FOIA, in 5 U.S.C. § 552(a)(6)(A)(i), requires an agency to make a determination in response to a FOIA request within 20 working days from its date of receipt.

24) But Defendant did not make a determination about what records will be produced in response to plaintiff's request within 20 business days from its date of receipt.

25) March 22, 2023 was 20 working days after the date that Defendant says plaintiff's request was received by its relevant component, the Office of Information Programs and Services.

26) No determination in response to plaintiff's FOIA request was made by March 22, 2023.

27) Nor has any determination been made about what records will be produced, as of the date this lawsuit was filed.

28) Instead, in its February 23 email, Defendant stated that "This Office will not be able to respond within the 20 days provided by the statute due to 'unusual circumstances.' See 5 U.S.C. § 552(a)(6)(B)(i)-(iii)."

29) The email did not, however, list an "extended" date for compliance with FOIA, or the "date on which a determination is expected to be dispatched," as is mandated by 5 U.S.C. § 552(a)(6)(B)(i) when an agency seeks an extension based on "unusual circumstances."

30) Extensions based on unusual circumstances are presumptively for no more than "ten working days." *See* U.S.C. § 552(a)(6)(B)(i).

31) Defendant's February 23 email did not state that it needed an extension of more than ten days.

32) So even if Defendant validly extended the deadline with its "unusual circumstances" claim, it did not extend the deadline by more than ten working days, so Defendant could not take more than 30 working days to issue a determination in response to plaintiff's request.

33) More than 40 working days have passed since Defendant received plaintiff's request.

34) More than 40 working days have passed since plaintiff's request was received by the relevant component of the U.S. Department of State.

35) Thirty working days from the date plaintiff's request was received by what Defendant deems its relevant component, the Office of Information Programs and Services, elapsed before April 6, 2023.

36) Under FOIA, an agency must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline. (*CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013)).

37) Defendant provided no such information to plaintiff, even though plaintiff's request reasonably described the records it sought.

38) Instead, Defendant has improperly withheld agency records.

39) Due to Defendant's failure to comply with the statutory deadline, plaintiff has exhausted administrative remedies, and can now sue.

40) FOIA provides that a requester is "deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i); *see CREW v. FEC*, 711 F.3d 180, 189 (D.C. Cir. 2013).

41) Plaintiff's FOIA request contained a request for a fee waiver, requesting "that any applicable fees be waived."

42) Defendant's February 23, 2023 email granted this request, stating "This Office grants your request for a fee waiver."

43) Accordingly, plaintiff is entitled to the production of the responsive records without paying any search or review fees.

44) Moreover, since defendant did not comply with FOIA's deadlines for issuing a determination, it has waived the right to collect fees, such as search fees, for processing plaintiff's FOIA request.

45) In *Bensman v. National Park Service*, 806 F.Supp.2d 31 (D.D.C. 2011), this Court noted that "the 2007 [FOIA] Amendments … impose consequences on agencies that …. fail to comport with FOIA's requirements….To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with any time limit' of FOIA." *See also* 5 U.S.C. § 552(a)(4)(A)(viii)(I).

46) Even if defendant's invocation of "unusual circumstances" had been valid, which it was not, it cannot charge search or duplication fees because it did not respond within "an additional ten days" of the general 20 working day deadline for responding to plaintiff's

FOIA request. *See* 5 U.S.C. § 552(a)(4)(A)(viii)(I) & 5 U.S.C. § 552(a)(4)(A)(viii)(II)(aa).

47) Moreover, it would be inappropriate to charge fees for an additional reason: the records sought in plaintiff's FOIA request are of great public interest, and producing them would be of public benefit. The Global Disinformation Index that is the subject of plaintiff's FOIA request is newsworthy and has been the subject of extensive news coverage and editorial commentary.[4] When responsive records are produced to plaintiff in FOIA lawsuits, they are disseminated to the Liberty Unyielding blog, which publicly posts such records, and thus makes them available to the public, resulting in news coverage.[5] News media have already cited and relied upon that blog's coverage of the Global

---

[4] *See, e.g.,* Brian Flood, *State Department funds 'disinformation' index targeting non-liberal and conservative news outlets*, Fox News, Feb. 16, 2023 (https://www.foxnews.com/media/state-department-funds-disinformation-index-targeting-non-liberal-and-conservative-news-outlets-report); Steve Nelson, *Republicans eye 'disinformation' group that said NY Post too 'risky' for ads*, New York Post, March 7, 2023 (https://nypost.com/2023/03/07/gopers-eye-disinformation-group-that-said-post-too-risky-for-ads/); Gabe Kaminsky, *Disinformation Inc: Government-backed group tried to punish sites boosting COVID lab leak theory*, Washington Examiner, Feb. 27, 2023 (https://www.washingtonexaminer.com/restoring-america/equality-not-elitism/disinformation-inc-government-backed-group-tried-to-punish-sites-boosting-covid-lab-leak-theory).

[5] *See, e.g.,* Ashe Schow, *Biden Administration Knew Its Racial Preferences For COVID Relief Were Unconstitutional, Went Ahead Anyway*, Daily Wire, Aug. 21, 2021 (quoting & linking to records posted by the Liberty Unyielding blog that were produced in a Bader Family Foundation FOIA lawsuit) (available at https://www.dailywire.com/news/biden-administration-knew-its-racial-preferences-for-covid-relief-were-unconstitutional-went-ahead-anyway). Daily Wire stories have many readers. Similarweb states that the Daily Wire had 19.9 million visits to its web site in January 2023, a higher number than the Boston Globe and Baltimore Sun. *See* https://www.similarweb.com/website/dailywire.com/

Disinformation Index, showing the potential for this lawsuit to educate the public about the subject matter of this FOIA request.[6]

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

48) Plaintiff re-alleges paragraphs 1-47 as if fully set out herein.

49) Defendant is improperly withholding agency records.

50) Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to the records described in its FOIA request, and any attachments thereto;

    b. Defendant's processing of plaintiff's FOIA request is not in accordance with the law, and does not satisfy Defendants' obligations under FOIA;

    c. Defendant has a duty to produce the records responsive to plaintiff's FOIA request;

    d. Defendant has a duty to produce them without charging any fees.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

51) Plaintiff re-alleges paragraphs 1-50 as if fully set out herein.

52) Plaintiff is entitled to injunctive relief compelling Defendant to issue a determination in response to plaintiff's FOIA request;

---

[6] *See, e.g.,* Robby Soave, *U.S. Energy Department Endorses Lab Leak Theory of COVID-19's Origins*, Reason Magazine, Feb. 27, 2023 (linking to Liberty Unyielding blog article about Global Disinformation Index) (available at https://reason.com/2023/02/27/lab-leak-theory-energy-department-coronavirus-covid-origin-china/); *Lab Leak Likely Caused COVID-19 Outbreak, U.S. Government Officials Say*, CNS News, Feb. 27, 2023 (reproducing Liberty Unyielding blog post discussing Global Disinformation Index) (tinyurl.com/2rr79ms3).

53) Plaintiff is entitled to injunctive relief compelling Defendant to produce the records described in plaintiff's FOIA request, without charging any fees.

54) Plaintiff asks the Court to issue an injunction ordering Defendant to produce to plaintiff, within 10 business days of the date of the order, the records sought in plaintiff's FOIA request, and any attachments thereto.

## THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

55) Plaintiff re-alleges paragraphs 1-54 as if fully set out herein.

56) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

57) This Court should enter an injunction ordering Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other relief as the Court shall deem proper.

Respectfully submitted this 20th day of April, 2023,

    /s/ Hans F. Bader
Hans F. Bader
D.C. Bar No. 466545
hfb138@yahoo.com
1236 N. Stafford St.
Arlington, VA 22201
(703) 399-6738

*Attorney for Plaintiff*