UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BADER FAMILY FOUNDATION,<br><br>  Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF STATE,<br><br>  Defendant. | Civil Action No. 23-1100 (JMC) |

## **ANSWER**

Defendant Department of State, by and through undersigned counsel, hereby responds to the separately numbered paragraphs and prayer for relief contained in Plaintiff's Complaint. Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied.

1. This paragraph sets forth Plaintiff's characterization of the instant lawsuit to which no response is required. To the extent that a response is required, Defendant denies that it improperly withheld agency records.

2. This paragraph purports to characterize the nature of this action and the content of Plaintiff's FOIA request, to which no response is required. To the extent any response is required, Defendant refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its' contents and denies the allegations to the extent inconsistent with the content of that request.

3. The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure ("Rule") 12(f). The allegations in this paragraph are not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

4. Defendant admits the allegations contained in this paragraph.

5. This paragraph consists of conclusions of law, not allegations of fact, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA and cited caselaw for a complete and accurate statement of their content and denies any allegations inconsistent therewith.

6. This paragraph asserts a conclusion of law to which no response is required.

7. Defendant admits the allegations contained in this paragraph.

8. Defendant admits the allegations contained in this paragraph.

9. Defendant admits that it sent an email to Plaintiff on or around February 23, 2023, and refers the Court to that communication for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of that communication.

10. This paragraph asserts a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies.

11. This paragraph asserts a conclusion of law to which no response is required.

12. Defendant admits the allegations contained in this paragraph.

13. Defendant admits the allegations contained in this paragraph.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as to Plaintiff's intent in filing this lawsuit.

**PARTIES**

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Defendant admits the first two sentences of this paragraph. The third sentence of this paragraph asserts a conclusion of law to which no response is required.

## JURISDICTION AND VENUE

17. Defendant admits that this Court has subject matter jurisdiction subject to the terms and limitations of the FOIA.

18. Defendant admits that venue is proper in this judicial district for an action under FOIA.

## FACTUAL AND STATUTORY BACKGROUND

19. Defendant admits that Plaintiff submitted a FOIA request on or around February 16, 2023. Defendant refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of that request.

20. Defendant refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of that request.

21. Defendant admits sending an email acknowledging the FOIA request but states that it was sent on or around February 23, 2023, and refers the Court to that communication for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of that communication.

22. Defendant admits the allegations contained in this paragraph.

23. This paragraph asserts a conclusion of law to which no response is required. Defendant refers the Court to the FOIA statute for a complete and accurate statement of its provisions and denies any allegations inconsistent therewith.

24. Defendant admits the allegations contained in this paragraph.

25. Defendant admits the allegations contained in this paragraph.

26. Defendant admits the allegations contained in this paragraph.

27. Defendant admits the allegations contained in this paragraph.

28. Defendant admits that it sent an email on or around February 23, 2023, to Plaintiff and refers the Court to that communication for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of that communication.

29. Defendant admits that it sent an email on or around February 23, 2023, to Plaintiff and refers the Court to that communication for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of that communication.

30. This paragraph asserts a conclusion of law to which no response is required. To the extent a response is required, Defendant refers the Court to the cited statutory provision for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

31. Defendant admits that it sent an email on or around February 23, 2023, to Plaintiff and refers the Court to that communication for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of that communication.

32. This paragraph asserts a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies.

33. Defendant admits the allegations contained in this paragraph.

34. Defendant admits the allegations contained in this paragraph.

35. Defendant admits the allegations contained in this paragraph.

36. This paragraph asserts a conclusion of law to which no response is required. To the extent a response is required, Defendant refers the Court to the FOIA and the cited caselaw for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

37. Defendant admits it did not provide any documents to Plaintiff. The remainder of this paragraph asserts a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies.

38. This paragraph asserts a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies.

39. This paragraph asserts a conclusion of law to which no response is required.

40. This paragraph asserts a conclusion of law to which no response is required. To the extent a response is required, Defendant refers the Court to the FOIA for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

41. Defendant refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of that request.

42. Defendant admits that it sent an email on or around February 23, 2023, to Plaintiff and refers the Court to that communication for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of that communication.

43. Defendant admits the allegations contained in this paragraph.

44. This paragraph asserts a conclusion of law to which no response is required.

45. This paragraph asserts a conclusion of law to which no response is required. To the extent a response is required, Defendant refers the Court to the FOIA and cited caselaw for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

46. This paragraph asserts a conclusion of law to which no response is required. Defendant denies that its' invocation of "unusual circumstances" was not valid.

47. This paragraph asserts a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

48. Defendant incorporates the responses to the allegations of the foregoing paragraphs as if fully set forth herein.

49. This paragraph asserts a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies.

50. Paragraph 50 (a-d) consists of plaintiff's request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant denies that plaintiff is entitled to the requested relief or to any relief whatsoever.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

51. Defendant incorporates the responses to the allegations of the foregoing paragraphs as if fully set forth herein.

52. This paragraph asserts a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies.

53. This paragraph asserts a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies.

54. Paragraph 54 consists of plaintiff's request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant denies that plaintiff is entitled to the requested relief or to any relief whatsoever.

## THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

55. Defendant incorporates the responses to the allegations of the foregoing paragraphs as if fully set forth herein.

56. This paragraph asserts a conclusion of law to which no response is required. To the extent a response is required, Defendant refers the Court to the FOIA and cited provision for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

57. Paragraph 57 consists of plaintiff's request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant denies that plaintiff is entitled to the requested relief or to any relief whatsoever.

## DEFENSES

Defendant alleges the following defenses to claims asserted in the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon the Plaintiff. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant through the course of litigation. Defendant denies each and every allegation of the Complaint not expressly admitted.

## FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

## SECOND DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions to FOIA. *See* 5 U.S.C. § 552 *et seq*.

WHEREFORE, having fully answered, Defendant requests that claims against the Defendant be dismissed with prejudice; that Defendant be awarded costs incurred in defending

this matter; and that Defendant be granted such other and further relief to which Defendant is entitled.

* * * * *

Dated: June 12, 2023
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____/s/_____
L'SHAUNTEE J. ROBERTSON
D.C. Bar #980248
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-1729

*Attorneys for the United States of America*